## CUTLER v. BANGS.

CONVEYANCE: LOST DEED. Evidence considered which was held sufficient to establish the fact of a conveyance when the deed had been lost.

*Appeal from Harrison District Court.*

TUESDAY, MARCH 19.

SUIT in equity to quiet title to the north-east quarter of section 8, township 79, range 43. The defendant claims title in himself, and by a cross petition, asks to have the title quieted in him. The District Court quieted the title in the plaintiff. The defendant appeals.

*Frederick Bangs, pro se.*

*Jno. V. Evans,* for appellee.

COLE, J.—The land was entered by W. C. James, in 1854, and the plaintiff derives title by several successive conveyances, the one to himself being made in 1868, since which time he has been in possession. All the conveyances are regular and duly recorded, except the deed by James to one Jacob Pate, made in 1855. The defendant derives title by deed from James to him made in 1872. The sole question is whether James ever conveyed to Pate. If he did, then plaintiff's title is the best; if not, defendant's should prevail. Upon the evidence, we are satisfied that James did convey to Pate in 1855. That James made the entry of the land for Pate in 1854, on what was then called a "time entry" contract, is not controverted. Pate sold and conveyed the land to one Kennedy, shortly after; and he testifies that he went to James with the money then and obtained the conveyance by James to him of the land; the grantees of Pate paid the taxes on the land for every year since

1855 to date; James never paid any taxes at all and never made any claim to the land, till about the time of the conveyance to the defendant in 1872; and although he testifies, in answer to the question whether he ever conveyed the land to Jacob Pate, as follows, "not to my knowledge," we are satisfied, from all the evidence, that he did, and the fact has escaped his knowledge.

AFFIRMED.